IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,490-02






EX PARTE JORGE HUMBERTO GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20060D02052-346-2 IN THE 346TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery and was
sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not advise him of the immigration and deportation consequences of his guilty plea in this case. 
Although the record contains the standard admonishments regarding potential immigration
consequences, there is no information regarding what specifically Applicant was told by counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state what advice, if any, he gave to Applicant regarding the immigration/
deportation consequences of his plea in this case. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to what specific advice
Applicant was given with regard to the immigration consequences of his plea in this case, and as to
whether that advice was accurate. The trial court shall make findings as to whether the performance
of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 12, 2012

Do not publish